JUDGE PAULEY

10 CV 8452

LYONS & FLOOD, LLP
65 West 36th Street, 7th Floor
New York, New York 10018
(212) 594-2400

Attorneys for Petitioner
MARKLINK SHIPPING CO., LTD.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARKLINK SHIPPING CO., LTD.,

                Petitioner,

-against-

BRIGHT SHIPPING COMPANY LIMITED
and/also known as BRIGHT OCEAN
COMPANY LIMITED,

                Respondents.

ECF CASE

10 Civ.    (    )

**VERIFIED PETITION TO
RECOGNIZE, CONFIRM, AND
ENFORCE FOREIGN
ARBITRAL AWARD**

RECEIVED NOV 0 9 2010 U.S.D.C. S.D.N.Y. COMPLETED

---

Petitioner MARKLINK SHIPPING CO., LTD. ("MARKLINK"), by its attorneys, Lyons & Flood, LLP, as and for its Verified Petition to Recognize, Confirm, and Enforce a Foreign Arbitral Award in favor of MARKLINK and against respondents BRIGHT SHIPPING COMPANY LIMITED and/also known as BRIGHT OCEAN COMPANY LIMITED ("BRIGHT"), alleges upon information and belief as follows:

### JURISDICTION AND VENUE

1. Subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331 as the action arises under the enacting legislation for the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention"), 9 U.S.C. § 201 *et seq.*, and the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*

2. In addition, subject matter jurisdiction exists under the Court's admiralty jurisdiction, 28 U.S.C. § 1333, and Fed. R. Civ. P. 9(h) because the underlying dispute is

maritime in nature and concerns a breach of a maritime contract.

3. Venue is proper in this District pursuant to 9 U.S.C. § 204 since, save for the arbitration agreement, an action or proceeding with respect to the controversy between the parties could have been brought in this District.

4. In addition, respondents BRIGHT are found in this District by virtue of having registered to do business in New York as foreign business corporations and having designated an agent for service of process in this District. Therefore, venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(3).

## THE PARTIES

5. At all material times, petitioner MARKLINK was and still is a corporation organized and existing under the laws of a foreign country, with an office and place of business in Cyprus and was and is the owner of the M/V ATLANTIC PROJECT (the "Vessel").

6. Upon information and belief, at all material times, respondents BRIGHT were and still are corporations organized and existing under the laws of a foreign country, with an office and place of business at Youwon Building 5F, 75-95 Seosomun-Dong, Jung-Gu, 100814 Seoul, Republic of South Korea, and were the charterers of the Vessel.

7. On January 13, 2009, respondents BRIGHT registered to conduct business in New York with the New York Department of State and appointed a registered agent in this District, Shaun F. Carroll, Nourse & Bowles, LLP, One Exchange Plaza, at 55 Broadway, New York, New York 10006-3030. In registering to conduct business in New York, respondents BRIGHT are subject to the Court's personal jurisdiction. (A copy of the Department of State's registration for respondents BRIGHT is attached as Exhibit 1 to the accompanying Declaration of Kirk M. Lyons (the "Lyons Decl.") in support of MARKLINK's Petition.)

## FACTS

8.  By a Time Charter dated February 12, 2009 (the "Charter Party") respondents BRIGHT chartered the Vessel from petitioner MARKLINK. (A copy of the Charter Party is attached as Exhibit A to the Declaration of Benjamin John Horn (the "Horn Decl."), which is attached as Exhibit 2 to the Lyons Decl.)

9.  The Charter Party is a maritime contract.

10. Clauses 17 and 95 of the Charter Party contain the parties' agreement to arbitrate disputes between them in London pursuant to English law.

> 17. That should any dispute arise between Owners and the Charterers, the matter in dispute shall be referred to three Persons at London one to be appointed by each of the parties hereto, and the third by the two so chosen; their decision or that of any two of them, shall be final, and for the purpose of enforcing any award, this agreement may be made a rule of Court. The Arbitrators shall be shipping men conversant with shipping matters and affairs. All arbitrators to be members of the LMAA.
>
> 95. Bimco Standard Law & Arbitration Clause 1998 - English Law, London Arbitration to be applied.

> The BIMCO standard law and arbitration clause 1998 provides as follows:
>
> LONDON ARBITRATION
>
> The Contract shall be governed by and construed in accordance with English law and any dispute arising out of or in connection with this Contract shall be referred to arbitration in London in accordance with the Arbitration Act of 1996 or any statutory modification or re-enactment thereof save to the extent necessary to give effect to the provisions of this Clause.
>
> The arbitration shall be conducted in accordance with the London Maritime Arbitrators Association (LMAA) Terms current at the time when the arbitration proceedings are commenced.
>
> The reference shall be to three arbitrators. A party

>wishing to refer a dispute to arbitration shall appoint its arbitrator and send notice of such appointment in writing to the other party requiring the other party to appoint its own arbitrator within 14 calendar days of that notice and stating that it will appoint its arbitrator as sole arbitrator unless the other party appoints its own arbitrator and give notice that it has done so within the 14 days specified. If the other party does not appoint its arbitrator and give notice that it has done so within the 14 days specified, the party referring a dispute to arbitration may, without the requirement of any further prior notice to the other party, appoint its arbitrator as sole arbitrator and shall advise the other party accordingly. The award of the sole arbitrator shall be binding on both parties as if he had been appointed by agreement.
>
>Nothing herein shall prevent the parties agreeing in writing to vary these provisions to provide for the appointment of a sole arbitrator.
>
>\*         \*         \*

11.  During the performance of the Charter Party, disputes arose between petitioner MARKLINK and respondents BRIGHT, and petitioner claimed damages, *inter alia*, stemming from unpaid hire, early re-delivery of the Vessel, and detention of the Vessel.

12.  Pursuant to the arbitration clauses in the Charter Party, petitioner MARKLINK commenced arbitration in London by appointing Alan Oakley, a member of the London Maritime Arbitrators Association (the "LMAA"), as its arbitrator and providing notice of the appointment to respondents BRIGHT.

13.  Despite due and proper notice by petitioner MARKLINK of the appointment of an arbitrator, respondents BRIGHT failed to appoint their own arbitrator within the fourteen (14) days provided for by Clauses 17 and 95 of the Charter Party.

14.  In accordance with the terms of the parties' agreement in Clauses 17 and 95 of the Charter Party, Mr. Oakley accepted appointment as sole arbitrator.

15. On July 1, 2010, petitioner MARKLINK served its Claim Submissions in the arbitration, seeking damages of $938,057.26, later amended to $1,194,295.59, together with interest and costs.

16. The respondents BRIGHT failed to respond to the Claim Submissions. Accordingly, on August 5, 2010, the sole arbitrator issued a final and peremptory order that respondents had to serve defense submissions by August 16, 2010. The terms of the sole arbitrator's order made it clear that if the respondents did not comply with the order, he would proceed to an award. The respondents BRIGHT failed to respond to the sole arbitrator's order in any way.

17. On September 2, 2010, petitioner MARKLINK received a First/Final Arbitration Award (the "Award"). (A copy of the Award is attached as Exhibit B to the Horn Decl.). The Award provides that respondents BRIGHT are obligated to pay petitioner MARKLINK the following sums:

    a. the principal sum of $1,167,573.59;

    b. plus interest at the rate of 5% per annum compounded at three-monthly rests, on the following basis:

        (i) on the sum of $437,795.59 from October 9, 2009, to the date of payment;

        (ii) on the sum of $93,778.00 from January 16, 2010, to the date of payment;

        (iii) on the sum of $636,000.00 from August 25, 2010, to the date of payment; and

        (iv) as of November 8, 2010, the total interest accrued on the

        principal sum is $34,649.40.

18. In addition, the Award also directed respondents BRIGHT to pay:

    a. petitioner MARKLINK's recoverable legal costs which, unless agreed between the parties, be assessed by the English High Court or, at petitioner's option, by the sole arbitrator;

    b. the costs of the Award in the sum of £4,835 (as of October 29, 2010, this was equivalent to $7,677.98); and

    c. interest on the petitioner's recoverable legal costs (see a. above) and the costs of the Award (see b. above).

19. The sole arbitrator issued the Award as to the matters determined therein and reserved the jurisdiction to make a further award(s), including any further claim in respect of the vessel's detention at Fujairah.

20. The petitioner MARKLINK has demanded that respondents BRIGHT promptly remit the amounts due under the Award. Respondents have failed to make any payment against the Award.

## RECOGNITION, CONFIRMATION, AND ENFORCEMENT OF THE AWARD

21. Under English law, the Award is binding on the parties.

22. Both England and the United States are parties to the New York Convention, which provides that a court sitting in any nation that is a party to the New York Convention must recognize and enforce a foreign arbitral award where (a) certified copies of both the agreement to arbitrate and the arbitral award are submitted to the court, (b) the application is timely filed, and (c) none of the delineated exceptions to recognition and enforcement are present.

23. Certified copies of both the agreement to arbitrate and the arbitral award

accompany this Petition and are attached to the Horn Decl., which is Exhibit 2 to the Lyons Decl..

24. The Petition is timely under 9 U.S.C. § 207 since it was filed within three (3) years of the date of the Award.

25. Respondents BRIGHT cannot in good faith raise any of the delineated reasons under the New York Convention for non-recognition of the Award.

WHEREFORE, petitioner MARKLINK prays that:

a. process in due form of law issue against the respondents BRIGHT, citing them to appear and answer under oath all, and singular, the matters alleged in the Petition;

b. the Petition to Recognize, Confirm, and Enforce the Foreign Arbitral Award be granted and the Award be recognized, confirmed, and made into a Judgment of this Court, to be entered in favor of petitioner MARKLINK and against respondents BRIGHT, and that this Court also adjudge respondents liable to petitioner for interest on the Award and Judgment;

c. an Order be issued directing respondents BRIGHT to pay petitioner sufficient funds to satisfy the Award in all respects;

d. this Court retain jurisdiction over this matter for any further or supplemental proceedings as may be necessary for the purpose of enforcing the Judgment, and/or any further judgments that may be issued;

e. this Court grant petitioner its costs and disbursements, including reasonable attorneys' fees, in pursuing the Judgment and enforcement of the Award; and

f. petitioner have such other, further, and different relief as this Court may deem just and proper.

Dated: November 9, 2010
       New York, New York

                                  LYONS & FLOOD, LLP
                                  Attorneys for Petitioner
                                  MARKLINK SHIPPING CO., LTD.

By:    */s/ Kirk M. Lyons*
       Kirk M. Lyons
       65 West 36th Street, 7th Floor
       New York, New York 10018
       (212) 594-2400

## VERIFICATION

Kirk M. Lyons, the undersigned, an attorney admitted to practice in this Court, state that I am the attorney of record for petitioner MARKLINK SHIPPING CO., LTD., in the within action; I have read the foregoing Verified Petition and know the contents thereof; the same is true to my knowledge based on documents in my file, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true.

The reason this Verification is made by me and not an officer of petitioner MARKLINK SHIPPING CO., LTD. is because there are no officers now present in this District.

I verify under penalty of perjury that the foregoing is true and correct.

Executed on:   November 9, 2010
               New York, New York

_____
Kirk M. Lyons

U:\kmhldocs\2668021\Legal\Petition to Confirm.doc